TREAT and another, Appellants, vs. HILES, Respondent.
TREAT and another, Respondents, vs. HILES, Appellant.

*September 23 — October 14, 1890.*

*Offsetting judgments: Stay of execution.*

A stay of execution upon a judgment is a protection against the collection of any part of it by legal process, and hence another judgment cannot be offset against it during such stay.

APPEALS from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion.

The motion was submitted for the plaintiffs on the brief of *N. S. Murphey*, and for the defendant on that of *John W. Cary*, attorney, and *Rose & Bell*, of counsel.

Counsel for the plaintiffs cited *Taylor v. Williams*, 14 Wis. 155; *Yorton v. M., L. S. & W. R. Co.* 62 id. 372; *Bosworth v. Tallman*, 66 id. 533.

LYON, J. Motion by plaintiffs to offset judgments.

The case was in this court on three appeals from orders made therein by the circuit court. 75 Wis. 265. One of these appeals was by plaintiffs, the others by defendant. The plaintiffs' appeal was dismissed, with costs taxed at $45.25. One of the defendant's appeals was also dismissed, with costs taxed at $46.85. On the remaining appeal of

.defendant, the order appealed from was reversed, with costs taxed at $200.

The cause in which these appeals was taken was afterwards tried in the circuit court, and the plaintiff recovered judgment for $20,000 and costs.

The plaintiffs now move this court to offset the judgments against them for costs, amounting to $245.25, and to apply the same in payment of the judgment for costs in their favor for $46.85 in this court, and the balance thereof, being $198.40, on the judgment recovered by them in the circuit court. The defendant consents that the judgment for $45.25 against the plaintiffs may be applied in part payment of the judgment against him for $46.85, and that the balance of the latter judgment, being $1.60, may be applied on the $200 judgment against the plaintiffs. But he objects to an offset of the residue of the $200 judgment, and its application upon the judgment against him in the circuit court, for the reason that on August 11, 1890, the circuit court granted a stay of execution upon that judgment for sixty days, to enable him to perfect an appeal therefrom, which stay was in full force when this motion was made.

We think this a conclusive answer to this motion, so far as the motion is contested. The order staying execution is a protection to the defendant against the collection of any part of the judgment by legal process. Were this motion granted, the effect of it would be to enforce collection of a portion thereof by such process. We cannot thus disregard the order of the circuit court in that behalf.

*By the Court.*— The motion, in so far as it affects the judgments in this court, is granted; but in so far as it affects the judgment in the circuit court, it must be denied. No costs are allowed to either party on the motion.